IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Gerry Zurek,<br><br>*On behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Yas Partners EV, Inc., *et al.*<br><br>Defendants. | Case No. 1:22-cv-04004<br><br>Judge Sara L. Ellis<br><br>Magistrate Judge Jeffrey Cole |

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On January 17, 2023, the Court granted Plaintiff's motion for entry of default judgment against Defendants Anand Shanmugan, Thirumalai Satish, Kavitha Satish, Yas Partners 2, Yas Partners 3, Yas Partners EV, Yas Partners Evanston, Yas Partners Management, Yas Partners MP, Yas Partners NI, Yas Partners PAL, Yas Partners SCH, Yas Partners STW, Yas Partners SW, and Yas Partners YV (Doc. 37) (attached hereto as "Exhibit 1"). Plaintiff hereby moves the Court for default judgment in accordance with Fed. R. Civ. P. 55(b)(2) and in support thereof shows the Court the following:

**FACTUAL BACKGROUND**

1. Plaintiff Gerry Zurek filed his Complaint on August 2, 2022 individually and on behalf of those similarly situated pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, Section 105/3(d) of the Illinois Minimum Wage Law, and Section 115/2 of the Illinois Wage Payment and Collection Act. (*See* Doc. 2).

2. Service was perfected on Defendants Anand Shanmugan, Thirumalai Satish, Kavitha Satish, Yas Partners 2, Yas Partners 3, Yas Partners EV, Yas Partners Evanston, Yas Partners Management, Yas Partners MP, Yas Partners NI, Yas Partners PAL, Yas Partners SCH, Yas Partners STW, Yas Partners SW, and Yas Partners YV on August 21, 2022 with affidavits of service being filed with the Court on September 7, 2022. (*See* Docs. 5-19). As a result, Defendants' Answer deadline was September 11, 2022.

3. As of today's date, Defendants have not answered or otherwise plead in response to the Complaint.

4. The Court has held two status conferences, one of November 30, 2022, and another on January 5, 2023. Defendants did not attend either conference, either individually or through counsel.

5. On September 21, 2022, Defendants sought an extension until after November 21, 2022 to retain counsel and enter an appearance. Defendants have not requested any other extensions.

6. During the months of September and October, Plaintiff and Defendants communicated about the allegations in the Complaint and the prospect of settlement. See Exhibit 2, Declaration of Emily Hubbard.

7. During the November 30, 2022 status conference, the Court allowed Defendants until December 30, 2022 to enter an attorney appearance. They failed to enter an appearance.

8. As of today's date, Defendants have not filed an attorney appearance and have not answered or otherwise responded to the Complaint.

9. Because Defendants did not answer or otherwise respond to Plaintiff's Complaint, the allegations in Plaintiff's complaint are deemed admitted.

10. On January 17, 2023, the Court entered default judgment against Defendants.

## LEGAL ARGUMENT

Pursuant to Federal Rule of Civil Procedure 55, a default judgment may be entered against a party if that party has failed to plead or otherwise defend the action. *Sack v. Seid*, No. 01 C 6747, 2002 U.S. Dist. LEXIS 20542, at *3 (N.D. Ill. Oct. 23, 2002). Because Defendants did not answer or otherwise plead in response to the Complaint, Plaintiff's allegations are deemed admitted, except, allegations of damages. *See, e.g., Trustees of the Plumbers & Pipefitters Local 551 Pension Plan v. JLB Constr. Ent.*, No. 3:20-cv-00696-GCS, 2021 U.S. Dist. LEXIS 119709, at *3 (S.D. Ill. June 28, 2021)

**1. Defendants have failed to pay minimum wages under the FLSA or Illinois law.**

Here, Plaintiff has established that Defendants paid delivery drivers at or close to minimum wage, Defendants required delivery drivers to provide their own cars to use at work, Defendants did not collect records of or reimburse for delivery drivers' actual vehicle expenses, and Defendants did not reimburse at the IRS standard business mileage rate for each mile driven. *See* Doc. 2, ¶¶ 87-147.

Under the Fair Labor Standards Act, pizza delivery drivers' vehicles are "tools of the trade." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2018 WL 5800594, 2018 U.S. Dist. LEXIS 189878, at *11 (S.D. Ohio Nov. 5, 2018). Accordingly, employers must ensure that they reimburse drivers for the costs related to those vehicles, to the extent that the failure to do so would drop the workers' wage below minimum wage. *See* 29 C.F.R. § 531.35; *Mayhue's Super Liquor Stores, Inc. v. Hodgson*, 464 F.2d 1196, 1199 (5th Cir. 1972).

In the delivery driver context, employers have two options to meet their reimbursement obligations. *Waters v. Pizza to You, L.L.C.*, 538 F. Supp. 3d 785, 792 (S.D. Ohio 2021). Employers can either track and reimburse each drivers' actual vehicle expenses, or employers can simply reimburse drivers at the IRS business mileage rate. *Id.*; DOL Field Operations Handbook § 30c15(a) (2000). In addition, because the under-reimbursed expenses resulted in drivers being paid a lesser tipped wage rate than they were promised, Defendants have failed to properly claim a tip credit, and are owed unpaid wages in the amount of the difference between full minimum wage and the tipped wage rate they were paid. *Estate of McConnell v. EUBA Corp.*, No. 3:18-cv-00355, 2021 U.S. Dist. LEXIS 92836, at *4 (S.D. Ohio May 17, 2021)("When an employer fails to actually pay the cash wage that they informed their tipped employees that they would pay, the employer fails to meet the requirements for taking a tip credit."). Illinois minimum wage law is interpreted in line with the FLSA, therefore the same standards apply under Illinois law. *See Knapp v. City of Markham*, No. 10 C 03450, 2011 U.S. Dist. LEXIS 87985, 2011 WL 3489788, at *8 (N.D. Ill. Aug. 9, 2011) ("Claims brought under the FLSA and IMWL are evaluated using the same general analysis").

Because Defendants did not track and reimburse for actual expenses, and did not reimburse at the IRS standard business mileage rate, Defendants are liable to the FLSA collective class and the Illinois wage class for unpaid wages calculated as the difference between the reimbursements paid by Defendants and the IRS standard business mileage rate for each mile driven.

In order to calculate specific damages for these classes, Plaintiff will require discovery. Based on Plaintiff's counsel's experience in other cases involving Papa John's, Plaintiff anticipates that they will be able to obtain a substantial amount, if not all, of the information necessary to calculate damages from Defendants' franchisor, Papa John's International, Inc.

Plaintiff has also established that Defendants' violations of the FLSA were willful, such that a three-year statute of limitations applies to the FLSA claims. 29 U.S.C. 255(a). Finally, Defendants have failed to meet the requirements for avoiding liquidated damages, so the FLSA collective class is entitled to an additional 1x their unpaid wage amount as liquidated damages. 29 U.S.C. 260. In addition, under Illinois law, the Illinois Wage Class is entitled to unpaid wages and 5% interest. *See* Doc. 2, ¶¶ 187, 199.

Finally, under both the FLSA and Illinois law, Plaintiff is entitled to reasonable attorneys' fees and costs.

Plaintiff asks the Court to enter default judgment on liability and the types of damages that apply, but permit Plaintiff 120 days to conduct discovery on damages from Papa John's International, Inc.

**2. The Illinois Wage Class should be certified.**

Based on the uncontested allegations in Plaintiff's Complaint, Plaintiff is entitled to an Order certifying this case as a Rule 23 class. *Trull v. Plaza Assocs.*, No. 97 C 0704, 1998 U.S. Dist.

LEXIS 14195, at *5-6 (N.D. Ill. Sep. 1, 1998) (explaining that the court "is not required to alter its traditional analysis concerning class certification as a result of the default against the sole defendant here"). Plaintiff asks the Court to certify the Illinois wage class defined in Paragraph 157 of Plaintiff's Complaint:

> All current and former delivery drivers employed by Defendants at the Defendants' Papa John's stores in the State of Illinois between the date ten years prior to the filing of the original complaint and the date of final judgment in this matter.

First, Plaintiff meets all the prerequisites for class certification in Rule 23(a). *See* Fed. R. Civ. P. 23(a); *Simpson v. Dart*, No. 21-8028, 2022 U.S. App. LEXIS 420, at *8 (7th Cir. Jan. 6, 2022). The class is so numerous that joinder of all members is impracticable. *See* Doc. 2, ¶¶ 163-64. There are questions of law and fact that are common to the class. *Id*. at ¶ 173. The claims and/or defenses of Plaintiff are typical of the claims of the rest of the class. *Id*. at ¶ 165-68. Plaintiff will fairly and adequately protect the interests of the class. *Id*. at ¶ 169-70.

Second, Plaintiff meets the requirements for class certification under Rule 23(b)(3). *Simpson*, 2022 U.S. App. LEXIS 420, at *8-9. Questions of law or fact common to the class members predominate over questions affecting individual members and a class action is superior to other methods for adjudicating this case. *See id.* at ¶¶ 165-173. As such, class certification is appropriate. Cases raising the same claims on behalf of pizza delivery drivers are routinely certified as class actions. *See, e.g., Patzfahl v. FSM Za, LLC*, No. 20-cv-1202, 2022 U.S. Dist. LEXIS 230073 (E.D. Wis. Dec. 19, 2022)(certifying Rule 23 class under Wisconsin law based on the same pizza delivery driver under-reimbursement claims asserted here).

**3. The FLSA collective class should be certified.**

In addition, based on the uncontested allegations in Plaintiff's Complaint, Plaintiff is entitled to conditional certification of an FLSA collective action. Plaintiff asks the Court to conditionally certify the following FLSA collective class:

> All similarly situated current and former delivery drivers employed at the Defendants' Papa John's stores owned, operated, and controlled by Defaulted Defendants nationwide, during the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter, who elect to opt-in to this action.

Plaintiff has shown that the delivery drivers in question are "similarly situated" to him, as that phrase is contemplated by the FLSA. *See* Doc. 2, ¶¶ 148-156.

As such, conditional certification is appropriate. *See, e.g., Young v. Rolling in the Dough, Inc.*, N.D.Ill. No. 17 C 7825, 2018 U.S. Dist. LEXIS 38533, at *1 (Mar. 8, 2018) (granting FLSA conditional certification on same pizza delivery driver under-reimbursement claims asserted here).

### 4. The Court should order default judgment to be carried out in phases.

Based on the uncontested allegations in the Complaint, Plaintiff is entitled to class and collective action certification. In addition, Defendants are liable to the Plaintiff and the classes for unpaid wages, FLSA liquidated damages, damages under Illinois wage law, reasonable attorneys' fees, and costs. However, there are two issues that prevent final judgment form being entered: first, Plaintiff must conduct discovery so that he can calculate damages and present them to the Court; and second, Plaintiff must conduct discovery to identify class members and send them a notice of certification.

In order to identify the class members and itemize damages, Plaintiff asks the Court to enter an order granting default judgment. From here, Plaintiff requests permission to conduct discovery

into the contact information for the class members so that a notice can be sent to them, and into the damages suffered by the classes.

In Plaintiff's counsel's experience in these types of cases, Plaintiff believes that much if not all of this information is in the possession of Papa John's International, Inc. and/or other Papa John's franchisees. Plaintiff therefore request 120 days to conduct discovery into these issues.

After Plaintiff has identified the class members through discovery, Plaintiff will file a Notice of Class Certification and Default Judgment, along with a plan for sending the notice, and submit it to the Court for approval. Plaintiff requests a deadline of 120 days from the Court's order granting default judgment to submit this proposed notice.

In addition, after Plaintiff has gathered information regarding damages through discovery, Plaintiff will file a second Motion for Default Judgment as to Damages, itemizing the specific damages that the class members have suffered and that the Court should award. Plaintiff requests as deadline of 120 days from the Court's order granting default judgment to submit this Motion.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order for Default Judgment against all Defendants for the relief demanded in the complaint filed herein and as set forth in Plaintiff's Proposed Form of Default Judgment (attached hereto as "Exhibit 3").

Respectfully submitted,

*Emily Hubbard* (*pro hac vice*)
Andrew R. Biller *(pro hac vice)*
Andrew P. Kimble *(pro hac vice)*
Emily A. Hubbard *(pro hac vice)*
Biller & Kimble, LLC
8044 Montgomery Rd., Ste. 515
Cincinnati, OH 45209

Telephone: (513) 715-8711
Facsimile: (614) 340-4620
*abiller@billerkimble.com*
*akimble@billerkimble.com*
*ehubbard@billerkimble.com*

www.billerkimble.com

Aaron B. Maduff (6226392)
Maduff & Maduff, LLC
3295 Arlington Heights Rd., Suite 104
Arlington Height, Illinois 60004
Telephone: (312) 276-9000
abmaduff@madufflaw.com

*Counsel for Plaintiff and the putative class*

### Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was filed in the Court's ECF system and sent to all Parties via regular and certified mail on February 8, 2023.

/s/ *Emily Hubbard*

Emily Hubbard